# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2021

Lyle W. Cayce
Clerk

No. 19-60810
Summary Calendar

Edgar Ivan Zuniga-Sanchez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 742 210

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Edgar Ivan Zuniga-Sanchez, a native and citizen of Mexico, petitions us to review a decision of the Board of Immigration Appeals. Zuniga-Sanchez experienced sexual abuse which the Immigration Judge determined to be past persecution. However, the Immigration Judge also determined that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60810

Government rebutted the presumption that Zuniga-Sanchez will experience future persecution because his abuse stopped years before he entered the United States. The Immigration Judge also determined that there were locations to which Zuniga-Sanchez could reasonably relocate. The Board affirmed the findings of the Immigration Judge.

Zuniga-Sanchez argues that there has not been a fundamental change in the circumstances of his future persecution because change in the country conditions in Mexico has not been proven. He further asserts that the proposed relocation areas are not reasonable.

We are not compelled to find that the Board has erred in determining that the presumption of future persecution has been rebutted. The specific harm that the Immigration Judge determined to be persecution has no evidence of recurring and general conditions of danger do not indicate future persecution is more likely than not to occur. *Tesfamichael v. Gonzales*, 469 F.3d 109, 119 (5th Cir. 2006).

We are also not compelled to find that relocation is not reasonable. Zuniga-Sanchez highlights potential problems with the proposed locations, but the record does not compel the conclusion that relocation is unreasonable when considering all factors. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B), (b)(3).

DENIED.